UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 SEP -1 P 2: 23

SIGN_____
BY DEPUTY CLERK

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NUMBER: 3-CR-153- FJP-SCR

RONALD BROWN

## MEMORANDUM IN OPPOSITION OF THE USE OF
## THE BUTNER REPORT IN SENTENCING

NOW COMES the defendant, RONALD BROWN, who files this Memorandum in opposition of the use of the Butner report in sentencing:

MAY IT PLEASE THE COURT:

By order of this Honorable Court dated December 2, 2004, the defendant was ordered, pursuant to 18 § 3552 and 4244 (b) and 18 § 4247 (b)(c), to undergo a psychological examination. The Court now wishes to use statements of defendant contained in the report prepared as a result of said examination for sentencing purposes. Defendant objects to such use due to the following:

## ARGUMENT

The Federal Criminal Code, Chapter 313, Sections 4241 through 4247 give authority to the courts to order a psychiatric examination of a defendant for a variety of reasons; however, these reasons do not include using the results of such an examination in enhancing a sentence absent certain other requirements. *Estelle v. Smith*, 451 US 454 (1981).

In the present case, the court ordered a psychological evaluation of the defendant prior to sentencing proceedings and now is seeking to use the results of this report, specifically dealing with future dangerousness, to enhance the sentence that may be given

FJP

to the defendant. However, to do so would be to violate both the Fifth and Sixth Amendment rights of the defendant. *Id.* The United States Supreme Court has held that when a defendant is subjected to a compulsory examination the results may not be used against him in the penalty or sentencing phase unless he has been informed that he had a constitutional right, under the Fifth Amendment, not to answer the questions put to him by the psychiatrist. *Id.* at 467-468. Further, the Court held that whenever defense counsel is not notified in advance that an examination will include the issue of the defendant's future dangerousness and defendant is deprived of the assistance of counsel in making the important decision on whether to submit to the examination and to what end the results of such an examination could be used against him, then there is a clear violation of the defendant's Sixth Amendment rights. *Id.* at 471, 473

The prosecution may argue that *Estelle* was a capital murder case with life and death implications and should not be applied to cases such as this. However, the Supreme Court later ruled that, "*Estelle* was a capital case, but we find no reason not to apply the principle to noncapital sentencing as well." *Mitchell v. US*, 526 US 314, 326 (1999).

Therefore, the US Supreme Court in *Estelle*, applied to noncapital cases by *Mitchell*, specifically forbid the use of psychiatric examinations in sentencing, for the purposes of enhancing a sentence, absent the defendant being informed of his right to not answer any questions in the examination and being permitted to consult with counsel on the issue of submitting to the examination.

In the present case, the defendant was never informed that he had a right to not answer questions posed to him by Dr. Butner, nor was defense counsel notified in

advance that the evaluation would cover the issue of future dangerousness and possibly used against the defendant at sentencing.

Wherefore, the defendant prays that this Court would follow the rulings of the Supreme Court and not allow the psychiatric report prepared by Dr. Butner to be afforded any consideration in the sentencing process.

Respectfully submitted,

THOMAS C. DAMICO
Bar Roll Number: 04480
8048 One Calais Avenue, Suite F
Baton Rouge, Louisiana 70809
(225) 769-0190
Attorney for RONALD BROWN

## CERTIFICATE

I hereby certify that a copy of the above and foregoing motion has been this day been hand delivered, to Corey Amundson, Assistant United States Attorney.

Baton Rouge, Louisiana, this /8 day of September, 2004.

THOMAS C. DAMICO